Filed 7/14/14  P. v. Saminathen CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064785 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN322019) |
| GREGORY JOSEPH SAMINATHEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Gregory Joseph Saminathen was charged with a violation of Health and Safety Code section 11377, subdivision (a), possession of a controlled substance, methamphetamine.  Thereafter, he pleaded guilty to that charge.  Pursuant to the plea

agreement, imposition of sentence was suspended for three years and Saminathen was granted three-years' drug treatment probation under Penal Code section 1210.1.

Saminathen filed a notice of appeal and requested a certificate of probable cause asserting that his guilty plea was involuntary because his attorney misled him into pleading guilty and accepting the drug treatment probation by not informing him that he could have received Penal Code section 1000 drug diversion instead. On October 15, 2013, a certificate of probable cause was granted.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable, issues. We offered Saminathen the opportunity to file his own brief on appeal, but he has not responded.

## FACTUAL BACKGROUND

On August 4, 2013, Saminathen was arrested for possession of a usable quantity of methamphetamine.[1]

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, the brief identifies the following possible, but not arguable issues:

---

[1] Because Saminathen pleaded guilty before the preliminary hearing and waived his probation report, there is no transcript from which we can provide more detailed facts concerning the circumstances surrounding his arrest.

2

1. Was Saminathen's plea involuntary because he would not have pleaded guilty and accepted probation if he had been informed of the Penal Code section 1000 drug diversion option for his offense?

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues.  Competent counsel has represented Saminathen on appeal.

## DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.